| 28 | 537 |
| 29 | 88 |

---

## EX PARTE CHARLES COX.

*No. 6982. Decided May 28.*

1. **Local Option—Election.**—The illegality of an election adopting the local option law in a district wherein it is already in force by virtue of a previous election will leave the law operative under the original election.

2. **Same.**—The *status* of any of the subdivisions of a county as to the local option law is not affected by the defeat of the law at an election held for the entire county. Such defeat will leave the law operative in such subdivisions wherein it already existed, and will not abridge the right of other subdivisions to demand an election for their own immediate localities without abiding the expiration of two years, under the provisions of article 3238 of the Revised Statutes. It is only when the law has been

carried for the entire county at a county election that the law of the subdivisions is superseded by the law of the county.

HABEAS CORPUS on appeal from the District Court of Camp. Tried below before Hon. J. L. Sheppard.

The opinion discloses the case.

*Todd & Hudgins* and *E. A. King*, for relator.

*W. L. Davidson*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—On May 13, 1890, appellant was indicted for a violation of the local option law which had theretofore been adopted for precinct No. 1 of Camp County. He was arrested on a capias issued upon this indictment, declined to give bail, sued out a writ of *habeas corpus* before the district judge, was adjudged to be legally restrained and remanded to custody, and from that judgment he prosecutes this appeal.

His contention is that "local option" does not prevail as a subsisting valid law in precinct No. 1 of Camp County for two reasons: "First, because after its adoption legally at an original election held on the 24th of August, 1887, a second election was held in the precinct on the 27th of August, 1889, which second election resulted in favor of local option, but was void because the election was ordered by the Commissioners Court in less than two years from the date of the adoption of the law originally; and, second, because "local option" in precinct No. 1 was repealed absolutely by an election legally held on March 1, 1890, throughout the county of Camp, and for the entire county, at which said election local option was defeated for the entire county.

As to the first proposition, we are cited to article 3236 of the Revised Statutes (Willson's Crim. Stats., p. 120), with regard to subsequent elections after local option has once been adopted, which provides that "no election under the preceding articles shall be held within the same prescribed limits in less than two years after an election under this title has been held therein; *but at the expiration of that time* the Commissioners. Court, whenever they deem it expedient, may order another election," etc.

The contention is that the statute prohibits the court from *ordering* a second election until *the expiration of two years* from the date of the first election. The first election for precinct No. 1 was held the 24th of August, 1887. The order for the second was made by the Commissioners Court before the expiration of two years, and the election was held on the 27th of August, 1889, just three days after the expiration of the two years. It is insisted that the order being contrary to and prohibited by law was a nullity, and that the election held under and by virtue of it was void.

Suppose we concede this position to be correct. What then? If the last election was void, then it did not affect the first in any manner, but left local option existing in the precinct under and by virtue of the first election. In either aspect of the case local option, in our opinion, was still a valid subsisting law in said precinct when the election for the entire county was held on March 1, 1890.

Did this election on March 1, 1890, for the entire county, and which resulted in the defeat of local option as to the entire county, repeal the law which was existing at the date of said election in precinct No. 1 of said county?

We think not. And such was the construction given by us to the old law. Whisenhunt v. The State, 18 Texas Ct. App., 491; Woodlief v. The State, 21 Texas Ct. App., 412.

Under the law as it now is since the amendment of April 1, 1887, such construction is, if possible, made more clearly to appear as in harmony with the legislative intention. It is evident to our minds from the reading of article 3238 of Sayles's Civil Statutes that the Legislature intended that the failure to carry prohibition in an entire county should in no wise affect the rights and interests of the people residing in the justice precincts, cities, or towns in the county. The *failure* to carry it in the entire county would leave the *status* of any of these subdivisions of the county just as it was before the county election was held. If local option already existed, it would still remain in force; if it did not exist, the subdivisions could immediately claim another election for their locality without waiting for the expiration of two years. It is only when local option has *been carried* for the entire county at an election for the entire county that such a law takes the place of and supersedes the law of any of the subdivisions of the county. Rev. Stats., art. 3238; Dawson v. The State, 25 Texas Ct. App., 670.

Our conclusion is that local option was legally adopted in precinct No. 1 of Camp County, Texas; that it has never been repealed, but is still in force, and that the appellant is amenable for any violation of the same.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.